## COMMONWEALTH *vs.* WILLIAM M. EDDS & others.

On the trial of an indictment on *St.* 1855, *c.* 405, containing one count for keeping during a certain time a tenement " used as a house of ill fame, resorted to for prostitution, lewdness and illegal gaming, and used for the illegal sale and illegal keeping of intoxicating liquors," and a second count for keeping a tenement during a part of the same time, " resorted to for illegal gaming, and used for the illegal sale and illegal keeping of intoxicating liquors," the government may introduce evidence in support of either count, and need not elect to proceed under one; and if but one offence is proved, the jury may apply the evidence to either of the counts to which it is applicable, and may acquit on the first and convict on the second.

An indictment on *St.* 1855, *c.* 405, for keeping a tenement resorted to for illegal gaming, and used for the illegal sale and illegal keeping of intoxicating liquors, is supported by proof of keeping a tenement resorted to for illegal gaming.

On the trial of an indictment on *St.* 1855, *c.* 405, for a nuisance by keeping a tenement used for the illegal sale of intoxicating liquors, evidence of sales of liquor on the premises in the absence of the defendant by other persons is admissible, without other evidence that they were his agents except that tending to show that he kept the tenement.

On the trial of an indictment on *St.* 1855, *c.* 405, for keeping a tenement resorted to for illegal gaming, acts of illegal gaming, not proved before the grand jury, may be given in evidence.

On the trial of an indictment on *St.* 1855, *c.* 405, for keeping a tenement used for the illegal

sale of intoxicating liquors, evidence that bells were hung therein by the order of some person other than the defendant, connecting together a bar-room on the lower floor and a chamber in the third story, is admissible for the purpose of showing that they were used as parts of one tenement; and after its introduction for that purpose alone, the court may allow the prosecuting officer to argue to the jury that the bells were hung for the purpose of giving an alarm and notice of the entrance of intruders.

An indictment on *St.* 1855, *c.* 405, for keeping a tenement "used for the illegal sale and illegal keeping of intoxicating liquors," need not more distinctly negative the defendant's authority to sell or keep intoxicating liquors.

An indictment on *St.* 1855, *c.* 405, for keeping a tenement resorted to for illegal gaming, need not specify the kind of illegal gaming.

An indictment on *St.* 1855, *c.* 405, may charge that the defendant kept a tenement resorted to for illegal gaming, and used for the illegal sale and illegal keeping of intoxicating liquors, without also alleging that it was a house of ill fame.

INDICTMENT on *St.* 1855, *c.* 405, returned at October term 1859 of the superior court in Essex, and containing two counts, the first of which charged the defendant with keeping a tenement from the 1st of January 1858 to the day of finding the indictment, "used as a house of ill fame," "resorted to for prostitution, lewdness and illegal gaming," and "used for the illegal sale and illegal keeping of intoxicating liquors." The second count charged the keeping from the 2d of January 1859 to the day of finding the indictment, of a tenement "resorted to for illegal gaming," and "used for the illegal sale and illegal keeping of intoxicating liquors."

At the trial before *Brigham*, J., the defendant objected to the introduction of any evidence under either of the counts, while both were before the jury; and contended that there was a misjoinder of counts, as they did not allege different and distinct offences, nor were they different modes of charging the same offence, and that the district attorney should be required to elect under which count he would proceed. But the court overruled the objections, and admitted the evidence, and instructed the jury that they might apply it to such count as it was properly applicable to, but could not convict upon more than one count.

The defendant objected to the introduction of any evidence of illegal gaming, because the specific mode of illegal gaming was not alleged. But the court admitted such evidence; and instructed the jury that proof of the use of the tenement by the

defendants for illegal gaming would warrant a conviction upon the second count.

The court, against the defendants' objection, admitted evidence that sales of intoxicating liquor were made in the tenement in the absence of all the defendants, without any evidence tending to show that the person who made the sales was their agent, except that which was offered to show that they kept the tenement.

The district attorney was also permitted, notwithstanding the defendant's objection, to introduce evidence of acts of illegal gaming, which were not proved before the grand jury.

A witness for the Commonwealth testified that in April 1859, he went to the premises in the absence of all the defendants, and by the order of another person, and hung three bells, one in the bar-room on the ground floor, connected with a chamber in the third story of the same building, another in that chamber, connected with the bar-room, and a third in the bar-room, connected with a smaller chamber in the third story. This evidence was objected to, and admitted only for the purpose, as was stated by the court, of showing a connection between these rooms, as parts of the same tenement. It also appeared that a day or two before this happened, the city marshal went up through the lower room into the chamber, in the presence of some of the defendants, and did not notice any bells. The district attorney was allowed, against the defendants' objection, to argue to the jury that these bells were placed there for the purpose of an alarm, and of giving notice of the approach of intruders.

The defendants were acquitted on the first count and convicted on the second, and excepted to the above rulings, and also to the overruling of a motion in arrest of judgment on the following grounds :

1st. " Because the findings of the jury are repugnant and inconsistent with each other, in that they acquit the defendants of keeping a nuisance from January 1st 1858 to the time of finding the indictment, while they find them guilty of keeping the same nuisance during a part of said time."

2d. " Because it sets forth no crime described in the statute, in this, that it does not charge that the tenement was a ' house of ill fame, resorted to for prostitution and lewdness.' "

3d. " Because authority to sell or keep intoxicating liquor is not sufficiently negatived."

*B. F. Butler & N. St. J. Green,* for the defendants.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

DEWEY, J. 1. The court properly overruled the objection taken at the trial to the introduction of any evidence under either count, because there were two counts charging to some extent a similar offence ; and also the motion of the defendant requiring the prosecuting officer to elect upon which of the counts he would proceed.

2. Evidence that the tenement was kept by the defendant for illegal gaming, was competent, and sufficient to warrant a con viction, although the government did not show that the tenement was also used for the illegal sale or keeping of intoxicating liquors. Keeping and using the tenement for either of these purposes was a violation of the statute upon which this indict-ment was founded.

3. The evidence of sales of liquor in the tenement was competent in connection with the evidence that the defendants kept the tenement.

4. It is no ground of objection to the competency of evidence, that it was not also introduced before the grand jury, when the offence attempted to be proved by it is the same offence charged by the grand jury.

5. The evidence concerning the hanging of bells in the bar-room and chambers was properly admitted—it being competent, though perhaps slight evidence. It was for the jury to judge from the evidence how far it connected the defendants with the transaction, and what inference should be drawn from it. It furnished no ground for exceptions to the verdict, that the dis-trict attorney presented and enforced in his argument to the jury his theory of the purposes designed to be secured by the placing of the bells in the various rooms.

6. It is urged that no judgment can be properly entered upon

the second count, inasmuch as the jury have found a verdict of not guilty upon the first count, which embraces the entire period of time in which the offence is charged in the second count, and so the finding of the jury is repugnant. The objection here taken is not that of a former conviction, or former acquittal under an indictment of the same purport as the first count. Had it been so, it might have constituted a more valid objection. But the case as now presented is the common case of several counts introduced into one indictment, intending to charge the party of one offence, although charging it in different forms. In such case the whole evidence goes to the jury, and, when thus given to the jury at the same time, is to be applied as may be proper to one or the 'other of the counts; and it is competent and proper for the jury, having applied it to one of the counts, and thus exhausted its force by a verdict of guilty upon such count, to return a verdict of not guilty upon the other. Such verdict implies no contradiction, but only negatives the commission of two offences.

In the present case, the first count not only charged the offence as having been committed at an earlier date than the second, but also alleged that the tenement was kept and maintained as a house of ill fame, and resorted to for the purposes of prostitution, as well as for the purposes of illegal gaming and illegal keeping of intoxicating liquors, which latter were alone charged in the second count. It is true that proof of either purpose and act would have sustained the charge of keeping and maintaining a nuisance made punishable by *St.* 1855, *c.* 405, and authorized a conviction upon the first count; but the grand jury having in the second count charged the nuisance in a less aggravated form, and the evidence being more appropriate to that, the jury might properly so apply it, and return a verdict of guilty on such count, and at the same time return a verdict of not guilty on the first count.

7. The second count in the indictment charges the offence properly, without any further negation of an authority to keep and sell intoxicating liquors, and without any specification of the kind of illegal gaming for which the tenement was used,

and although it does not charge that the tenement was kept as a house of ill fame, resorted to for prostitution and lewdness. *Commonwealth* v. *Kimball,* 7 Gray, 128.

.                                    *Exceptions overruled.*